# United States Court of Appeals
# for the Federal Circuit

———————————

**ADDIE E. DIXON,**
*Claimant-Appellant*

v.

**ROBERT A. MCDONALD,**
**SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2014-7050

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-229, Chief Judge Bruce E. Kasold.

———————————

Decided: February 20, 2015

———————————

ADDIE E. DIXON, Virginia Beach, VA, pro se.

SCOTT RANDY DAMELIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by STUART F. DELERY, ROBERT E. KIRSCHMAN, JR., KIRK T. MANHARDT; MEGHAN ALPHONSO, DAVID J. BARRANS, Office of General Counsel, Department of Veterans Affairs, Washington, DC.

———————————

Before NEWMAN, DYK, and REYNA, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Addie E. Dixon appeals the judgment of the United States Court of Appeals for Veterans Claims, which affirmed the decision of the Board of Veterans Appeals denying her claim for "garnishment" of her deceased ex-husband's disability compensation. *Dixon v. Shinseki*, No. 13-229, 2013 WL 6145657 (Vet. App. Nov. 22, 2013). On review of the issues and arguments raised by Mrs. Dixon, we discern no error of law or application of law. The judgment is affirmed.

### DISCUSSION

Mrs. Dixon was the spouse of veteran Michael B. Dixon. In November 1996 an Order of Support issued by the Juvenile and Domestic Relations District Court of Virginia ordered Mr. Dixon to pay Mrs. Dixon child support in the amount of $443.00 per month and spousal support in the amount of $1000.00 per month. Mrs. Dixon states that the Order of Support required the Department of Veterans Affairs (VA) to garnish these sums from Mr. Dixon's disability payments. Apparently Mr. Dixon did not make these payments. On Mr. Dixon's death in 2004, Mrs. Dixon filed a claim with the VA Regional Office requesting the payments that Mrs. Dixon states should have been paid to her from Mr. Dixon's VA disability benefits, for 1996 through his death in 2004.

The Veterans Court observed that the VA had never been served with legal process instructing garnishment, as required by 42 U.S.C. § 659(i)(5) (2011). The Veterans Court also found that Mrs. Dixon incorrectly asserted that the VA previously made partial payments pursuant to the Virginia Order of Support. Rather, the $500 monthly payments she received were made pursuant to 38 C.F.R. § 3.452 (2003) (apportionment of veteran's benefits if the veteran is not residing with his spouse or children and a

claim for apportionment is filed). Mrs. Dixon now appeals.

Mrs. Dixon asserts that the VA should retroactively garnish the payments made to her ex-husband prior to his death, in fulfillment of the Order of Support. The Veterans Court held that 42 U.S.C. § 659(i)(5) requires that a garnishment order or similar legal process be served on the VA, in order for the VA to garnish veteran's payments. It appears that no such legal process had been served on the VA with a request for garnishment. No error of law is discerned in the ruling that, absent notice to the VA of the veteran's legal obligation, the VA is not liable for such obligation after the veteran's death.

## AFFIRMED

No costs.